UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 13-CR-94 |
| | 16-CV-11463 |
| MICHAEL D. BRUMFIELD | SECTION I |

### ORDER AND REASONS

A defendant needs to provide sufficient evidence to carry his or her burden of showing entitlement to post-trial relief. *See, e.g., United States v. Norris*, No. 15-68, 2016 WL 5070254, at *1 (E.D. La. 2016). Because defendant Michael Brumfield ("Brumfield") fails to demonstrate entitlement to relief under either 28 U.S.C. § 2255 or Federal Rule of Criminal Procedure 33, this Court will dismiss his motion[1] with prejudice and deny his request[2] for an evidentiary hearing.

### I.

Brumfield's motion centers on his counsels' supposed failure to investigate, raise, and argue claims that he was being framed by Special Agent Chad Scott and the Hammond police department.

In 2013, Brumfield led multiple police vehicles on a high-speed chase in Hammond, Louisiana. Dash camera video from the chase showed Brumfield throwing items out of his window during the chase, which ended in Brumfield's

---

[1] R. Doc. No. 96.
[2] R. Doc. No. 108.

arrest.  Brumfield was found with marijuana in his car and on his shirt.  After the chase, officers went back and examined the chase route, discovering the unlawful drugs and a digital scale.

Brumfield alleges that Hammond police officers planted the drugs as part of Agent Scott's vendetta against Brumfield.  Brumfield further alleges that after being released on bond, he was approached in a corner store in Hammond by James Brown ("Brown").  Brown supposedly told Brumfield that he saw members of the Hammond Police plant the drugs on the side of the road.  Brumfield claims that Brown's statements were overheard by Deborah Turner ("Turner"), who worked at the corner store, as well as by Adam Butler ("Butler").  *See* R. Doc. No. 96-1, at 51-53.  However, Brumfield's motion does not include an affidavit from either Butler or Turner, and Brown himself has evidently died (the motion is somewhat ambiguous as to when). *See* R. Doc. No. 96-1, at 25 n.17.

Brumfield went through three different lawyers before he was convicted. Brumfield claims that he told his lawyers of the potential eyewitnesses, but they failed to adequately investigate and interview the witnesses.  To substantiate his claims that he told his counsel about his witnesses, Brumfield attaches a letter that he claims to have sent Judge Berrigan (to whom this case was previously assigned) stating:

> Dear Your Honor:
> I'm writing you in regards to my case.  My name is Michael Brumfield, my case number is 13-94.
> The U.S. Government has appointed Ms. Valerie Jusselin as my defense attorney.  In my opinion Ms. Jusselin has not taken my case serious[ly].

> (2)[3] I have not received any DEA-6 Reports.  The lab report I have received, has a case number of 12-0084.  It is my understanding[] that the twelve in the series of numbers represent[s] 2012.  I was arrested April 10, 2013.  Enclosed you will find a highlighted copy of the lab reports.
> (3) I asked Ms. Jusselin to go and interview my witness[.] Prior to my visit with Ms. Jusselin on August 26, 2013, [s]he informed me that the witness was no longer employed at the [convenience store] in Hammond, La.  During the visit on August 26, 2013, Mr. Jusselin informed me that the witness was still employed there but was not at work.
> It is my belief that[] Ms. Jusselin did not check the witness employment the first time.
> (4) From day one, Ms. Jusselin has not been willing[] to work with me on this case.  Either she thinks I'm guilty or I'm lying, or maybe both.

*See* R. Doc. No. 96-1, at 55-56.  Brumfield also includes notes that he claims are from John Musser ("Musser"), his eventual trial lawyer.  The purported Musser notes list Deborah Turner and Adam Butler as potential witnesses, and note that Turner works at a deli on the Baton Rouge Highway.  R. Doc. No. 96-1, at 63.  However, Brown—the witness that Brumfield is now claiming saw the evidence being planted—is seemingly not mentioned.

Brumfield proceeded to trial, and he was convicted of one count of conspiring to distribute and possess with intent to distribute cocaine and a second count of possessing cocaine hydrochloride with the intent to distribute.  During sentencing, Brumfield complained about the uncalled witnesses, and his attorney noted that both he and Brumfield had discussed the issue of uncalled witnesses, and they had determined prior to trial that they would not have affected the outcome of the case:

> DEFENDANT BRUMFIELD: My lawyer, I had witnesses that my lawyer never subpoenaed that could have came and testified at my trial which my lawyer never subpoenaed. I asked my lawyer to do a few things that he never did, but I ended up going to trial and got found guilty. So, that's what I wanted to say.

---

[3] The numbering of Brumfield's letter starts at 2.

> THE COURT: Okay.
> Mr. Musser, anything you wish to say?
> MR. MUSSER: I believe that this matter was previously discussed at the pretrial conference. The particular witnesses if I recall correctly were Valerie Jusselin and one of the Probation -- Pretrial Supervisors. *After discussing it with Mr. Brumfield prior to the end of the trial I thought we had an agreement that their testimony would not be assist* [sic] *in getting to a finding of not guilty, so therefore I did not call those witnesses.*
> THE COURT: Okay.

R. Doc. No. 89, at 9:9-24 (emphasis added).

After trial, new appellate counsel pressed an unsuccessful appeal concerning the district court's decision to permit testimony regarding Brumfield's prior drug offenses. *See* R. Doc. No. 94. The U.S. Supreme Court then denied Brumfield's petition for a writ of certiorari. R. Doc. No. 95. Brumfield filed the instant motion three months later.

## II.

Brumfield's motion for relief under § 2255 alleges ineffective assistance of counsel by both his trial counsel and his appellate counsel.

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section

4

2255 is an independent and collateral inquiry into the validity of the conviction . . . ." *United States v. Hayman*, 342 U.S. 205, 222–23 (1952).

"The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews v. United States*, 373 U.S. 334, 339 (1963)). Pursuant to § 2255, the Court must grant a defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

"The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quotation omitted). "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding. *Massaro*, 538 U.S. at 509; *see also, e.g., United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

The U.S. Supreme Court set forth the standard for judging the performance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court articulated a two-part test that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Id.* at 697. The petitioner must satisfy both

prongs of the *Strickland* test in order to be successful on an ineffective assistance claim.  *See id.* at 697.

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test looks to the prejudice caused by counsel's allegedly deficient performance. This requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of alleged trial errors, the petitioner must show that his "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

A.

Brumfield does not demonstrate that the performance of trial counsel violated *Strickland*.

An attorney's failure to investigate the case against the petitioner and to interview witnesses can support a finding of ineffective assistance. *See Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994). Under *Strickland*, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what

6

the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted); *see also United States v. Goodley*, 183 F. App'x 419, 422-23 (5th Cir.2006) (citing *Green*, 882 F.3d at 1003).

Brumfield does not demonstrate that there was an objectively unreasonable investigation. An attorney is neither required "to pursue an investigation that would be fruitless, much less one that might be harmful to the defense," *Strickland*, 466 U.S. at 687, nor to pursue "every path until it bears fruit or until all conceivable hope withers," *Lovett v. Florida*, 627 F.2d 706, 708 (5th Cir. 1980). Given that Brumfield is recorded on camera throwing items out of the window during the car chase (R. Doc. No. 90, at 82:1-101:22)—which strikes the Court as an unlikely activity for someone involved in a high-speed chase to be doing unless they really have something that they need to get rid of—his motion does not demonstrate that counsel was objectively unreasonable for allegedly not investing resources to locate the supposed witnesses.

Moreover, Brumfield has been inconsistent as to the identity of the missing witnesses. During the colloquy at Brumfield's sentencing, Musser—beyond noting that he and Brumfield made a strategic decision as to which witnesses to call—states (without correction by Brumfield) that the supposedly uncalled witnesses were Ms. Jusslein and a member of pre-trial services. R. Doc. No. 89, at 9:9-24. Then, Musser's notes suggest that Butler and Turner were the missing witnesses. *See* R. Doc. No. 96-1, at 63. Next, Brumfield's first letter to Judge Berrigan refers to a single witness, and appears to refer to Turner insofar as the letter discusses a deli employee. *See* R.

7

Doc. No. 96-1, at 55-56.  Finally, now Brumfield's motion adds yet another witness—Brown.  Brumfield's inability to tell a consistent story does not necessitate an evidentiary hearing.

But even if those problems could be overcome, Brumfield has a deeper problem.  In order to prevail on an ineffective assistance of counsel claim relating to an insufficient investigation, Brumfield needs to show how the "investigation would have altered the outcome of the trial." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010).  His uncalled witnesses claim faces a similar hurdle:  The Fifth Circuit "has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).  "Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*

As such, regardless of whether his claim is styled as an ineffective investigation claim or an uncalled witnesses claim, Brumfield needs to establish that—at the very least—calling a particular witness or making some additional investigative effort would result in admissible evidence that would advance his case.  However, according to Brumfield, two of his missing witnesses, Turner and Butler,

8

simply heard Brown—the third supposed missing witness—tell Brumfield that Brown saw agents planting evidence. R. Doc. No. 96-1, at 51-52. That testimony is the archetype of inadmissible hearsay when offered for the truth of the matter that detectives planted evidence on Brumfield, *see* Fed. R. Evid. 802, and Brumfield offers no explanation as to how either Turner or Butler would be able to testify as to what they were told by Brown.

Therefore, as Brumfield does not demonstrate that either Turner or Butler would offer admissible testimony, Brumfield's claim necessarily turns on Brown.[4] Outside of Brumfield's own self-serving declaration, Brumfield does not even establish that Brown even *existed*, let alone that Brown would have testified favorably at Brumfield's trial.[5] Without more, this Court declines to schedule an evidentiary hearing based solely on Brumfield's assertion that a supposed witness he ran into in a convenience store would have provided favorable testimony. *See, e.g.*, *Byrne v. Butler*, 845 F.2d 501, 513 (5th Cir. 1988) ("It is clear, however, that bold assertions on a critical issue in a habeas petition, unsupported and unsupportable by

---

[4] Brumfield asserts in passing that Mr. Musser was also ineffective in failing to obtain DEA-6 reports. *See* R. Doc. No. 96-1, at 17-18. However, a review of the transcript makes clear that Mr. Musser did in fact have knowledge of the reports and that he used them against the government in cross examination. R. Doc. No. 197:14-24. As such, Brumfield does not convince the Court that his trial counsel's investigation and use of the DEA-6 reports fell below an objective standard of reasonableness and/or that there was any prejudice to Brumfield from his counsels' investigation of the DEA reports.

[5] Brumfield does not submit an affidavit from either Brown, Turner, or Butler as to Brown's comments.

anything else contained in the record, are insufficient to warrant an evidentiary hearing.").

### B.

Brumfield's argument that his appellate counsel was ineffective does no better.

"The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right." *Williamson*, 183 F.3d at 462. Appellate counsel's performance is evaluated under the same *Strickland* standard as is trial counsel's performance. *Id.* "To prevail, [the defendant] must establish, first, that his attorney's representation was deficient and, second, that the deficient performance caused him prejudice." *Id.*

With respect to the deficient performance prong in the appellate context, the Fifth Circuit has stated that "[c]ounsel does not need to 'raise every nonfrivolous ground of appeal available.' Nonetheless, a reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id.* (quoting *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998)).

With respect to the prejudice prong, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error[], the result of the proceeding would have been different." *Id.* at 463 (quoting *Jones v. Jones*, 163 F.3d 285, 302 (5th Cir. 1998)) (alteration in original) (internal quotation marks omitted). "A reasonable probability is that which renders the proceeding unfair or unreliable, i.e., undermines confidence in its outcome." *Id.*

"An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Medellin v. Dretke*, 371 F.3d 270, 279 (5th Cir. 2004) ("Because the claim . . . is without merit, the claim of ineffective assistance of counsel for not raising the issue on appeal is, likewise, without merit."); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

Appellate counsel quite wisely chose to focus his efforts on the issue that presented the best chance for an appellate reversal at the time the appeal was filed: Judge Berrigan's evidentiary rulings that permitted evidence of Brumfield's prior drug convictions. *See Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) ("The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."). Brumfield does not show that the choice, given the trial court record, was objectively unreasonable. A concise brief that raises only the client's best arguments generally serves that client's interests far more than a brief that shotguns every conceivable challenge.

Nor does Brumfield establish prejudice: given the dash cam video of Brumfield throwing items out the car window during the chase, it is nearly inconceivable that either the Fifth Circuit or the U.S. Supreme Court would have reversed the jury's verdict based on the controverted eyewitness testimony from Brown (assuming that

appellate counsel could somehow get it into the appellate record). Moreover, as with Brumfield's claim regarding his trial lawyers, Brumfield neither establishes that Brown existed nor that his testimony would have been favorable to Brumfield nor that any of his other uncalled witnesses would have anything other than hearsay to proffer. *See Byrne*, 845 F.2d at 513. Accordingly, Brumfield's claim of ineffective assistance of appellate counsel necessarily fails.

### III.

Brumfield next moves for a new trial pursuant to Federal Rule of Criminal Procedure 33. Brumfield claims that newspaper articles discussing the ongoing probe of the DEA Task Force constitute newly discovered evidence that justifies a new trial. *See* R. Doc. No. 96-1, at 45-46.

A defendant seeking a new trial under Rule 33 based on previously unknown evidence must demonstrate that:

> (1) The evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal.

*United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003). Brumfield does not meet that test. The articles do not appear to be admissible evidence, and they do not discuss his particular case or somehow establish that Brumfield was framed. As such, they would, at best, be used for impeachment, and that is an insufficient basis on which to grant a new trial.

## IV.

Accordingly,

**IT IS ORDERED** that Brumfield's motion pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Brumfield's motion for an evidentiary hearing is **DENIED.**

**IT IS FURTHER ORDERED** that Brumfield's motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure is **DENIED.**

New Orleans, Louisiana, December 21, 2016

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**