UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 13-94 |
| MICHAEL D. BRUMFIELD | SECTION I |

ORDER & REASONS

Before the Court is defendant Michael D. Brumfield's ("Brumfield") motion[1] for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) "'for extraordinary and compelling reasons' and the BOP's violation of the Eighth Amendment's cruel and unusual punishment clause." The government opposes the motion.[2] For the following reasons, the motion is denied.

I.

On March 25, 2014, a jury found Brumfield guilty of counts one and two of a superseding indictment,[3] which charged him with conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine hydrochloride and possession with the intent to distribute a quantity of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 846.[4] The jury found that the overall scope of the conspiracy involved five kilograms or more of cocaine

---

[1] R. Doc. No. 125.
[2] R. Doc. No. 130.
[3] R. Doc. No. 63-4.
[4] R. Doc. No. 32.

1

hydrochloride and that between 500 grams and five kilograms of cocaine hydrochloride were attributable to Brumfield.[5]

The Honorable Helen G. Berrigan sentenced Brumfield to a term of imprisonment of 151 months as to each of counts one and two, to be served concurrently, and to an eight-year term of supervised release as to count one, and a six-year term of supervised release as to count two, to be served concurrently.[6] Brumfield's projected release date is January 12, 2025.[7]

Brumfield filed a notice of appeal of the final judgment to the United States Fifth Circuit Court of Appeals on September 10, 2014.[8] The Fifth Circuit affirmed the judgment and dismissed Brumfield's appeal.[9] Brumfield's petition for a writ of certiorari was also denied by the United States Supreme Court.[10]

Brumfield now requests compassionate release pursuant to the First Step Act.[11] Brumfield argues, pro se, that his medical conditions, as well as the alleged failure of the Bureau of Prisons ("BOP") to take appropriate preventative measures to address the COVID-19 outbreak at Yazoo City Low FCI, constitute extraordinary and compelling reasons for a sentence reduction.[12] Specifically, Brumfield alleges that he suffers from morbid obesity, high blood pressure, and allergies, and that he

---

[5] R. Doc. No. 63-4.
[6] R. Doc. No. 82, at 2–3.
[7] *See* https://www.bop.gov/inmateloc/ (last visited July 27, 2020). Brumfield is currently housed at Yazoo City Low FCI. *See id*.
[8] R. Doc. No. 86.
[9] R. Doc. No. 94.
[10] R. Doc. No. 95.
[11] R. Doc. No. 81, at 6.
[12] *See generally* R. Doc. No. 125.

consequently falls within a group recognized as "high risk" of severe illness by the Centers for Disease Control (CDC) if he contracts COVID-19.[13]

Brumfield further claims that he is at greater risk of COVID-19 infection and death because of the conditions at the Yazoo facility where he is housed.[14] Brumfield asserts that it is impossible to take preventive measures because inmates are being quarantined within their own units, as opposed to individual cells; inmates are still being transferred between facilities; and inmates must purchase their own soap.[15] Brumfield also asserts that, as of the date on which he filed his request for compassionate release, 8 prisoners at Yazoo facilities had died from the virus, Yazoo City Low FCI had 123 confirmed cases, and that of the 1,000 inmates tested for COVID-19 by the end of April, seventy percent tested positive.[16]

Brumfield alleges that BOP's failure to contain the COVID-19 outbreak within his housing unit violates the Eighth Amendment, and such a violation constitutes an extraordinary and compelling reason to reduce his sentence.[17] Brumfield claims that BOP acted with deliberate indifference when it "contributed to the introduction of COVID-19 in petitioner's housing unit by placing the entire inmate kitchen staff in petitioner's unit after several of them had already been exposed and quarantined due

---

[13] *Id.* at 2, 13.
[14] *Id.* at 4–7.
[15] *Id.* at 5.
[16] *Id.* at 4, 6.
[17] *Id.* at 5, 11.

to contracting COVID-19[,] causing an outbreak within the unit days after and one death in the unit shower of an inmate[.]"[18]

In light of these alleged circumstances, Brumfield asks that the Court reduce his sentence to time served or, alternatively, to home confinement to serve the remainder of his sentence.[19] Brumfield also requests the appointment of counsel to reply to the government's opposition.[20]

---

[18] *Id.*

[19] *Id.* at 16. The Court is not authorized to grant Brumfield's request to serve the remainder of his sentence in home confinement. BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody. *See* 18 U.S.C. § 3621(b) ("The *Bureau of Prisons* shall designate the place of the prisoner's imprisonment[.]") (emphasis added); 18 U.S.C. § 3622 ("The *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period, [under certain circumstances].") (emphasis added).

Hence, if Brumfield wishes to continue to pursue this method of release, he must do so through the administrative procedures provided by BOP. The proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241. A challenge to an administrative decision of BOP pursuant to § 2241 must be filed in the district where Brumfield is incarcerated. *See* 28 U.S.C. § 2241(a). Yazoo City Low FCI, where Brumfield is incarcerated, sits in the Southern District of Mississippi and is, therefore, outside the Court's jurisdiction. *See* https://www.bop.gov/locations/institutions/yaz/ (last visited July 30, 2020).

[20] R. Doc. No. 125, at 16. The Court denies this request. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). The First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A); nor has the Fifth Circuit addressed the issue. Notably, however, the Fifth Circuit has found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding post-judgment motions to modify sentence under § 3582(c)(2) are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel under 18 U.S.C. § 3006A)).

The government opposes Brumfield's motion and argues that it should be denied because Brumfield's medical conditions are not an "extraordinary and compelling" reason that warrants his release.[21]  The government describes BOP's general response to COVID-19 and outlines the various precautions being taken to safeguard inmates nationwide.[22]  The government also observes that Brumfield's criminal history reflects that he would be a danger to society if released.[23]

The government claims that the alleged violations of Brumfield's constitutional rights are not grounds for granting compassionate release because he has not pursued the available administrative remedies and that, nonetheless, his allegations do not amount to an Eighth Amendment violation.[24]

## II.

In relevant part, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court may not modify a term of imprisonment unless a motion is made after the prisoner has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).  The reduction must also be

---

Furthermore, the Court finds that "the interest of justice d[oes] not require the appointment of counsel because [Brumfield's] . . . motion d[oes] not involve complicated or unresolved issues." *See United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (citing *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008)).
[21] R. Doc. No. 130, at 21–22.
[22] *Id.* at 3–7.
[23] *Id.* at 22–23.
[24] *Id.* at 23.

"consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission's relevant policy statement provides that extraordinary circumstances exist when the defendant suffers from a terminal illness or a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. Family circumstances may also serve as a basis for compassionate release if the caregiver of a defendant's minor child has died or become incapacitated, or if a defendant's spouse or registered partner has become incapacitated and the defendant is the only available caregiver for that person. *Id.*

Although, historically, sentence reductions could be ordered only upon a motion by the Director of the BOP, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). However, the Sentencing Commission's policy statements have not been amended since the enactment of the First Step Act and, consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended. The relevant policy statement continues to plainly provide that a term of imprisonment may be reduced only upon a motion by the Director of the BOP upon a

6

finding of extraordinary circumstances warranting a sentence reduction and a determination that the defendant is not a danger to the safety of any person or the community at large. U.S.S.G. § 1B1.13 cmt. n.4. This discrepancy has been recognized by many courts. *See United States v. Perdigao,* 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.) (collecting cases).

Many courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). These district courts have found that they have discretion to determine what constitutes "extraordinary and compelling reasons" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive. *See id.* ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)."); *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019) ("[W]hen a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant granting relief.").

Accordingly, the Court will consider whether Brumfield has presented the Court with evidence that "extraordinary and compelling reasons" warrant

compassionate release and that he does not pose a danger to the safety of any other person or the community, all in light of the § 3553(a) factors. *See* 18 U.S.C. § 3553(a).

## A. Exhaustion of Administrative Remedies

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

The government initially opposed Brumfield's motion on the ground that Brumfield had failed to exhaust his administrative remedies.[25] The government noted that the warden had not yet made a decision on Brumfield's request, and it attached an email from an administrator at Yazoo City Low FCI dated June 11, 2020—less than thirty days before Brumfield filed his motion—that acknowledged receipt of Brumfield's request for compassionate release.[26] Pursuant to this Court's order,[27] the government provided an update on June 29, 2020, which stated that the warden had denied Brumfield's request for compassionate release on June 26, 2020.[28] As the government now concedes, Brumfield has exhausted his administration

---

[25] R. Doc. No. 130, at 10.
[26] R. Doc. No. 130-1.
[27] R. Doc. No. 131.
[28] R. Doc. No. 132, at 1. Brumfield filed a "judicial notice" confirming that his request for compassionate release was denied by the warden on June 26, 2020. R. Doc. No. 134, at 2.

8

remedies.[29] Accordingly, the Court has jurisdiction to consider Brumfield's motion. *See* § 3582(c)(1)(A).

## B. Extraordinary and Compelling Reasons

Although the policy statements of the Sentencing Commission have not been amended to reflect the statutory changes brought about by the First Step Act, the policy statements are nevertheless instructive to the Court's determination of whether there are "extraordinary and compelling reasons" that warrant a reduction of Brumfield's sentence. *See United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Sentencing Commission's relevant policy statement provides, in pertinent part, that extraordinary circumstances exist when the defendant suffers from "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

Brumfield claims to suffer from morbid obesity, high blood pressure, and allergies.[30] As the government observes, Brumfield's BOP medical records only

---

[29] R. Doc. No. 138. The government maintained its assertion that Brumfield had not exhausted his administrative remedies in its first supplemental brief. *See* R. Doc. No. 132. The government reversed its position in its second supplemental brief. *See* R. Doc. No. 138.
[30] R. Doc. No. 125, at 2, 13.

9

reflect that Brumfield suffers from lower back pain, allergies, and is pre-diabetic.[31] According to the Centers for Disease Control and Prevention ("CDC"), these conditions do not increase a person's risk for severe illness from COVID-19.[32] Furthermore, even assuming that Brumfield is obese, which increases his risk of severe illness if he contracts COVID-19,[33] this one risk factor alone fails to establish that he is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of [his] correctional facility." U.S.S.G. § 1B1.13 cmt. n.1; *United States v. Wilfred*, No. 07-351, 2020 WL 4365531, at *4 (E.D. La. July 30, 2020) (Africk, J.) (finding that the defendant's diagnoses of hypertension and obesity "do not rise to the level of terminal illness or substantially diminish [defendant]'s ability to provide self-care from within FCI Yazoo City Low"); *United States v. Thompson*, No. 19-27, 2020 WL 4210475, at *2 (S.D. Miss. July 22, 2020) (same).

Brumfield's concerns regarding COVID-19 also do not warrant a reduction of his sentence. BOP is undertaking measures to curb the spread of COVID-19 and to limit inmates' risk of contracting it.[34] Brumfield has alleged only general concerns that Yazoo City Low FCI is not adequately containing the spread of COVID-19 and that being in a carceral setting raises the risk of COVID-19 infection. Numerous courts have concluded that such broad allegations do not warrant a sentence

---

[31] R. Doc. No. 130, at 22; *see* R. Doc. No. 130-2.
[32] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. (last visited August 13, 2020).
[33] *See id*.
[34] *See* R. Doc. No. 130, at 3–7.

reduction under § 3582. *See United States v. Clark*, No. 17-85, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) ("Defendant cites no authority for the proposition that the *fear* of contracting a communicable disease warrants a sentence modification."); *United States v. Zywotko*, No. 19-113, 2020 WL 1492900, at *2 (M.D. Fla. Mar. 27, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.") (quoting *United States v. Eberhart*, No. 13-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)); *United States v. Gileno*, No. 19-161, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) ("With regard to the COVID-19 pandemic, Mr. Gileno has also not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the pandemic within Mr. Gileno's correctional facility, or that the facility is specifically unable to adequately treat Mr. Gileno."); *United States v. Emmons*, No. 16-98, 2020 WL 3086606, at *2 (S.D. Miss. June 10, 2020) ("Were such concerns sufficient, every federal prisoner would be entitled to a sentence reduction under § 3582(c)(1)(A).").

While the Court is alert to the risks of COVID-19 infection in correctional facilities, Brumfield has also not demonstrated that BOP's response to the COVID-19 pandemic and the protocols it has implemented to curtail the spread of the virus are inadequate.[35] Moreover, the existence of COVID-19 at Yazoo City Low FCI alone

---

[35] As the government advised, BOP has implemented revised preventative measures for all institutions, including quarantine and isolation procedures, to require that all newly-admitted inmates be assessed using a screening tool and temperature check.

11

cannot independently justify compassionate release.[36] *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Finally, BOP's alleged violations of the cruel and unusual punishment clause of the Eighth Amendment do not warrant Brumfield's compassionate release. As the Fifth Circuit recently explained:

> In a constitutional claim alleging deliberate indifference to the conditions of a prisoner's confinement, the plaintiff must satisfy both the "subjective and objective requirements" of the Eighth Amendment inquiry. *Farmer v. Brennan*, 511 U.S. 825, 846 (1994). To satisfy the objective requirement, the plaintiff must show an "objectively intolerable risk of harm." *Ibid.* To satisfy the subjective requirement, the plaintiff must show that the defendant: "(1) was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'; (2) subjectively 'dr[e]w the inference' that the risk existed; and (3) disregarded the risk." *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019).

*Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020).

Assuming, *arguendo*, that Brumfield has satisfied the first requirement, that the presence of COVID-19 at Yazoo City Low FCI presents an "objectively intolerable risk of harm," *id.*, he has not plausibly alleged that BOP has disregarded the risk posed by the disease. To the contrary, as previously discussed, BOP has taken

---

R. Doc. No. 887, at 4–8; *see BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited August 8, 2020). Asymptomatic inmates are placed in quarantine for a minimum of 14 days or until cleared by medical staff, and symptomatic inmates are placed in isolation until they test negative for COVID-19 or are cleared by medical staff as meeting CDC criteria for release from isolation. *Id.*

[36] As of August 13, 2020, at Yazoo City Low FCI, no inmates and four staff members who have been tested are positive for COVID-19, and ninety-five inmates and nine staff members have recovered. Contrary to Brumfield's assertion, only two inmates housed in Yazoo City Low FCI have died from it. *See COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited August 13, 2020).

12

extensive preventative measures to contain the spread of COVID-19 through the federal prison population, including at Yazoo City Low FCI.[37]

Accordingly, Brumfield fails to present extraordinary and compelling reasons for his early release.

### C. Safety to Others and the Community

Even if the Court were to find that Brumfield's circumstances presented extraordinary and compelling reasons to grant compassionate release, he still has not demonstrated that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires the Court to consider factors such as the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community at large that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

With respect to the offense for which Brumfield is currently incarcerated, the jury found that the overall scope of the conspiracy involved five kilograms or more of

---

[37] The Court similarly rejects Brumfield's argument to the extent that he asserts his Eighth Amendment claim as an entirely separate basis for his release, apart from 18 U.S.C. § 3582. As the government notes, Brumfield must first exhaust his administrative remedies through BOP before alleging violations of his constitutional rights in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that "the PLRA's [42 U.S.C. § 1997e] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Brumfield provides no evidence that he exhausted BOP's administrative remedies with respect to his Eighth Amendment claim.

13

cocaine hydrochloride, of which Brumfield was personally responsible for 500 grams to five kilograms.[38] Brumfield also has two prior state drug convictions for possession of cocaine as well as another federal conviction, separate from the conviction for which he is currently incarcerated, for distribution of between five and fifty grams of cocaine.[39] The nature and circumstances of the instant offense combined with Brumfield's criminal history demonstrate that he would be a danger to the community if released. *Cf. Perdigao*, 2020 WL 1672322, at *4 (finding that the defendant was not a danger to the community, because although he pled guilty to a number of serious crimes, none were crimes of violence or offenses involving controlled substances).

## III.

After reviewing the § 3553(a) factors[40] and considering the applicable policy statement by the Sentencing Commission, the Court does not find that there are compelling or extraordinary reasons warranting a reduction of Brumfield's sentence.

Accordingly,

**IT IS ORDERED** that Brumfield's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**IT IS FURTHER ORDERED** that Brumfield's request for an early release to home confinement is **DISMISSED WITHOUT PREJUDICE**.

---

[38] R. Doc. No. 63-4.
[39] R. Doc. No. 73, at 9–10 ¶¶ 35–37; Docket No. 01-141, R. Doc. No. 11, at 1. Brumfield's second conviction for possession of cocaine occurred while he was on supervised parole following his first conviction for same. R. Doc. No. 73, at 9–10 ¶ 36.
[40] The Court has specifically considered 18 U.S.C. § 3553(a)(1), (2)(A)–(C), and (5).

**IT IS FURTHER ORDERED** that Brumfield's request for appointment of counsel is **DENIED**.

New Orleans, Louisiana, August 14, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**